UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM MOHABIER III AND                         CIVIL ACTION
SANDRA ANN MOHABIER

VERSUS
                                                 NO. 13-CV-00013-SDD-SCR
SHERIFF TALMADGE BUNCH,
MAJOR BOB KING, AND
SERGEANT TERRY TARVER

**RULING**

Before the Court is a *Motion to Dismiss or in the Alternative for More Definite Statement*[1] filed by Defendants, Sheriff Talmadge Bunch, Sergeant Terry Tarver, and Major Bob King. Plaintiffs, William Mohabier, III and Sandra Ann Mohabier oppose the motion.   For the following reasons, the Court GRANTS Defendants' motion.

## I.    Brief Procedural Background

Initially on January 4, 2013, Plaintiffs filed this suit as *pro se* complainants. alleging claims against Defendants and the East Feliciana Sheriff Department[2] arising under the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and for various state law tort claims under Louisiana Civil Code Articles 2315, 2316, and 2320, as well as intentional infliction of mental distress, defamation, malicious prosecution, and failure to hire,

---

[1] Rec. Doc. 15.
[2] Although Plaintiffs originally named East Feliciana Sheriff's Department as a Defendant, this entity was not identified as a party Defendant in Plaintiffs' second *Amended Complaint* prepared by counsel. Therefore, it appears that the East Feliciana Sheriff's Department is no longer an intended Defendant in this lawsuit.

retain, and train employees.[3]   Plaintiffs sought compensatory, exemplary, and punitive damages, sanctions, expert witness fees, attorneys' fees, and prejudgment interest.   On January 7, 2013, Plaintiffs filed an amended complaint that was virtually identical to their original complaint with one exception: attached to their amended complaint Plaintiffs provided a copy of their 2009 state court petition seeking injunctive relief to prevent their neighbors from using the servitude on their property.[4]   Subsequently, Plaintiffs retained counsel who filed a second *Amended Complaint* on April 25, 2013 on their behalf.[5]   In the second *Amended Complaint*, Plaintiffs reasserted their original claims against the Defendants with the addition of their insurance liability carriers.   They also alleged that because Defendant Tarver acted willfully and maliciously, Plaintiffs were entitled to reasonable attorney's fees pursuant to 42 U.S.C. § 1988.[6]

On May 17, 2013, Defendants filed the pending motion arguing that Plaintiffs had failed to state a valid constitutional claim.   Plaintiffs timely filed an opposition on June 12, 2013.

## II.   Law and Analysis

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[3] Rec. Doc. 32.
[4] Rec. Doc. 2.
[5] Rec. Doc. 14.
[6] Rec. Doc. 14, p. 5, ¶22.
[7] F. R. Civ.P. 12(b)(6)(West)(2013).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] Notably, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[9]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]  On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[11]  "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'"[12]

Section 1983 provides a cause of action for persons who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by the actions of a person or entity operating under color of state law.[13]  "Section 1983 does not create any substantive rights, but is merely a vehicle whereby a plaintiff can challenge actions by governmental officials."[14]  In order to establish a Section 1983 violation, the plaintiff must demonstrate the following two elements: "first, that [she was] deprived of a right or interest secured by the Constitution and laws of the United States, and

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[9] *Id.*
[10] *Id.*
[11] *Id.* at 664.
[12] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, at 796 (5th Cir. 2011)(quoting *Iqbal*, 556 U.S. 662, at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[13] 42 U.S.C. § 1983 (West) (2013).
[14] *DeVille v. Regional Transit Authority*, 2008 WL 200020 at *4 (E.D. La. 2008).

second, that the deprivation occurred under color of state law."[15]   Therefore, the initial inquiry in a lawsuit brought under Section 1983 is "whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983."[16]

Within the summation of their *Original* and first *Amended Complaints,* Plaintiffs allege that "[a]s a result of the actions by defendants, all done under color of state law, . . . [Plaintiffs] suffered intentional violations of clearly established Constitutional rights, including Freedom of speech, Freedom from unreasonable seizures, freedom from the use of excessive force, due process of the law, and equal protection as contained in the FIRST, FOURTH, FIFTH AND FOURTEENTH Amendments of THE United States Constitution ...."[17]   In their second *Amended Complaint,* which was prepared by counsel, Plaintiffs allege that venue is proper in the Middle District because the "acts of the defendants which clearly violated plaintiff's [sic] Constitutional rights occurred in East Feliciana Parish which is within this judicial district."[18]   Aside from these two statements, Plaintiffs offer no further factual enhancement to support the allegations that their constitutional rights had been violated.  The Court is left to assess which factual allegations, if any, support the individual constitutional challenges, and which provisions of the constitutional amendments are ultimately at issue. (e.g., procedural or substantive due process challenge).

---

[15] *Dow v. Rains County Independent School Dist.,* 66 F.3d 1402, at 1407 (5th Cir. 1995).
[16] *Sheppard v. Hawkins,* 2012 WL 6020037 at *2 (W.D.La. 2012).
[17] Rec. Docs. 1 and 2, p.8, ¶ 27.emphasis original).
[18] Rec. Doc. 14, p. 1, ¶2.

For instance, assuming for the sake of argument that Plaintiffs' Fourth Amendment challenge is premised on an unreasonable search or seizure, their Complaints[19] are devoid of factual allegations to support such a claim. Plaintiffs allege that Defendant Tarver criminally trespassed by entering their property with neighbors, who were prohibited from entering the property by court order.[20] Defendant Tarver allegedly knocked on the Plaintiffs' door and demanded to see a bill of sale showing proof of payment of taxes and purchase for the property.[21] Plaintiffs do not allege that Defendant Tarver entered the home or conducted a search of the property; rather, Plaintiffs allege that Plaintiff William Mohabier located and showed the bill of sale to Defendant Tarver, who then left their property.[22] Nor do the facts make a showing of the essential elements necessary to bring an excessive force claim under the Fourth Amendment. Even assuming for the sake of argument that Defendant Tarver had seized the Plaintiffs on their property, they have not alleged that they "suffered (1) an injury that (2) resulted directly from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[23] Therefore, Plaintiffs have not stated a claim under the Fourth Amendment.

Plaintiffs have also alleged that the East Feliciana Sheriff's Department has failed to protect them from their neighbors' illegal activity occurring on their

---

[19] The Court will refer to the Plaintiffs' Original, first Amended Complaint, and second Amended Complaint collectively as "Complaints" when appropriate.
[20] Rec. Docs. 1 and 2, Page 3, ¶ 9.
[21] Rec. Docs. 1 and 2, p. 2, ¶¶6-7; Rec. Doc. 14, p.2-3, ¶8.
[22] Rec. Docs. 1 and 2, p. 4, ¶12.
[23] *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

property.[24]  However, "nothing in the language of the Due Process Clause [of the Fourteenth Amendment] itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.  The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security."[25]  Because the Due Process Clause does not impose upon the State any duty to provide protective services to its citizens to keep them safe from other private actors or private violence, the Plaintiffs' Fourteenth Amendment Due Process Claim must also fail.

As for their assertions that their First and Fifth Amendment rights have been violated, Plaintiffs have failed to make any factual showing to support either of these allegations.  Plaintiffs have not provided any facts suggesting that Defendants denied their right to exercise constitutionally protected free speech, or that they experienced adverse governmental action from exercising their Frist Amendment freedoms.[26]  Nor have Plaintiffs alleged facts demonstrating how the State actors deprived them of their life, liberty, or property without due process of law.

Having reviewed the content of the Complaints, accepting all factual allegations as true and viewing them in the light most favorable to the Plaintiffs, the Court finds that the Plaintiffs are unable to clear the first hurdle necessary to

---

[24] Rec. Doc. 14, p.3, ¶12. Plaintiffs allege these illegal activities include the following: animal poaching, illegal hunting, drug sales and abuse, and sexual conduct. *Id.*
[25] *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, at 195, 109 S.Ct. 998, 489 U.S. 189, 103 L.Ed.2d 249 (1989).
[26] *Izen v. Catalina*, 398 F.3d 363, at 367 (5th Cir. 2005)(quoting *Colson v. Grohman*, 174 F.3d 498, 508 (5th Cir. 1999).

sustain a violation under 42 U.S.C. § 1983.  Although Plaintiffs have alleged that their claims arise under the First, Fourth, Fifth, and Fifteenth Amendments of the United States Constitution, they offer no specific facts or legal authority to support these individual constitutional challenges.  Plaintiffs' allegations are conclusory and, consequently, subject to dismissal.

Additionally, the Court finds that because the Plaintiffs have clearly alleged their best case within their Complaints, they will not have a fourth opportunity to amend their pleadings.[27]

Furthermore, the Court declines to exercise supplemental jurisdiction over the remaining state court claims.[28]

## III.   Conclusion

Accordingly, the Court hereby **GRANTS** Defendants' *Motion to Dismiss or in the Alternative for More Definite Statement.*[29]  This matter is hereby dismissed with prejudice.

Baton Rouge, Louisiana, this _____1st_____ day of July, 2013.


_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[27] *Jones v. Greninger*, 188 F.3d 322, at 327 (5th Cir. 1999).
[28] 28 U.S.C. § 1367(c).(West)(2013).
[29] Rec. Doc. 15.